IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Jesse Vernon LaLone, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 2:18-3232-HMH-MGB |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Phillip Thompson, Wayne Owens, | ) | |
| Johnny Johnson, Sandra Lowe, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Mary Gordon Baker, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1] Jesse Vernon LaLone ("LaLone"), a state pretrial detainee proceeding pro se, alleges violations of his Fourteenth Amendment due process rights pursuant to 42 U.S.C. § 1983. Defendants filed a motion to dismiss for failure to state a plausible claim for relief pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Mot. Dismiss, ECF No. 17.) In her Report and Recommendation filed on July 2, 2019, Magistrate Judge Baker recommends granting Defendants' motion to dismiss and dismissing this action. (R&R, generally, ECF No. 33.)

LaLone filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of LaLone's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean one specific objection. LaLone objects to the magistrate judge's conclusion that the Defendants are entitled to sovereign immunity to the extent they are sued in their official capacities. (Objs. 4, ECF No. 35.) LaLone submits that the Defendants "gave up" immunity under the Eleventh Amendment "when they knowingly and willingly disregarded" the rules and regulations regarding disciplinary hearings put in place by the Horry County Sheriff's Office. (Id., ECF No. 35.)

The Eleventh Amendment protects an unconsenting state from suits brought in federal court by its own citizens or citizens of another state. Lee-Thomas v. Prince George's Cty. Pub. Sch., 666 F.3d 244, 248-49 (4th Cir. 2012). "The States' immunity also extends to state agents and state instrumentalities." Id. at 248 (internal quotation marks omitted). However, a state is able to waive its immunity in federal court. Sossamon v. Texas, 563 U.S. 277, 284 (2011). "[T]he Eleventh Amendment grants the State a legal power to assert a sovereign immunity defense should it choose to do so. The State can waive the defense." Wis. Dept. of Corr. v. Schacht, 524 U.S. 381, 389 (1998).

In this case, the Defendants have asserted the defense of sovereign immunity. (Mot. Dismiss 4, ECF No. 17.) Contrary to LaLone's argument, the Defendants' alleged actions

regarding the disciplinary proceedings against LaLone do not amount to a waiver of sovereign immunity. See Lee-Thomas, 666 F.3d at 249 (noting that the three exceptions to state sovereign immunity under the Eleventh Amendment are (1) unequivocal congressional abrogation, (2) suits for prospective injunctive relief against state officials, and (3) waiver through a state constitutional provision or statute). Accordingly, LaLone's objection is without merit.

Therefore, after a thorough review of the Report and Recommendation and the record in this case, the court adopts Magistrate Judge Baker's Report and Recommendation and incorporates it herein.

It is therefore

**ORDERED** that Defendants' motion to dismiss, docket number 17, is granted. It is further

**ORDERED** that LaLone's complaint, docket number 1, is dismissed.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
July 24, 2019

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.